UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


J.S.T. CORPORATION,

      Plaintiff,

v.                                                                     Case No. 15-13842
                                                                       Honorable Victoria A. Roberts

ROBERT BOSCH LLC, et al.,

      Defendants.

_____/


**ORDER DENYING PLAINTIFF'S**
**MOTION FOR SANCTIONS [ECF Nos. 538, 539]**


      J.S.T. Corporation ("JST") brings this suit against Robert Bosch LLC,

Robert Bosch GmbH, and Bosch Automotive Products Co., Ltd.

(collectively, "Bosch") for misappropriation of its trade secrets

      Before the Court is JST's motion for sanctions against Bosch.  [ECF

Nos. 538, 539].  The motion is fully briefed.

      JST says Bosch intentionally withheld 24 documents.  It says Bosch

knew the documents existed as early as November 2016; knew they were

discoverable; failed to produce them in response to discovery requests;

and then failed to produce them after ordered to do so.

Bosch eventually produced the documents for *in camera* review, and the Court ordered Bosch to produce them to JST.

JST says Bosch's failure to produce the documents until after the Court reviewed them *in camera* prejudiced it in three ways: (1) it was unable to question Bosch witnesses during depositions about the contents of the documents and Bosch's, and the witnesses', related actions; (2) its experts were not able to use the information to form their opinions because Bosch produced the documents after experts filed their reports; and (3) it could have used the information in the documents in support of its earlier motion for sanctions regarding Bosch's destruction of Karen Yang documents.

Bosch says sanctions are not warranted.  Bosch says it complied with the Court's order and produced the *in camera* documents to JST. Moreover, it says that even if it delayed in the production of the documents, the delay was harmless and not sanctionable under Fed. R. Civ. P. 37(c)(1).  The Court agrees with Bosch.

Federal Rule of Civil Procedure 37(c)(1) demands sanctions for a party's failure "to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless."  A "harmless" violation "involves an honest mistake on the part

2

of a party coupled with sufficient knowledge on the part of the other party."

*Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015).  In determining

whether a party's late disclosure is harmless, the Court considers five

factors: "(1) the surprise to the party against whom the evidence would be

offered; (2) the ability of that party to cure the surprise; (3) the extent to

which allowing the evidence would disrupt the trial; (4) the importance of

the evidence; and (5) the nondisclosing party's explanation for its failure to

disclose the evidence."  *Id*. at 748 (citation omitted).

The *in camera* documents consisted of Bosch's preliminary

presentations related to a Foxconn workshop.  Bosch produced many

documents concerning this workshop and the presentations, including the

final versions of the presentations.  Bosch explains that it did not produce

the preliminary presentations because they were marked as privileged.

The Court finds that Bosch sets forth a sufficient reason for failing to

produce the documents originally.

Additionally, considering the extent of documents Bosch produced

regarding the Foxconn workshop, and considering that Bosch produced the

final versions of the presentations, JST had sufficient knowledge

concerning the information included in the few late-disclosed documents,

and it could not have been surprised by the information in the preliminary

presentations.

Bosch's late disclosure of the *in-camera* documents was harmless.

The Court **DENIES** JST's motion for sanctions.

However, the Court warns the parties that it will not tolerate further

misconduct or gamesmanship.  If either party fails to comply with its

obligations under the Federal Rules of Civil Procedure, fails to comply with

an order of the Court, or fails to engage with the opposing party/counsel in

a conciliatory, good faith manner, the Court will consider all available

sanctions – up to and including dismissing the proceeding in whole or part,

rendering a default judgment, and/or issuing meaningful monetary

sanctions against the noncompliant party and/or counsel.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 21, 2021