UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.S.T. CORPORATION,

    Plaintiff,

v.

                                        Case No. 15-13842
                                        Honorable Victoria A. Roberts

ROBERT BOSCH LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 566]

On June 15, 2021, the Court entered an order on the parties' *Daubert* motions. Before the Court is JST's motion for reconsideration of that order.

Local Rule 7.1(h) governs motions for reconsideration in the Eastern District of Michigan and provides that a movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).  "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion."  *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).

JST says the Court's June 15 order contains two palpable defects, the correction of which will result in a different disposition of the *Daubert* motions.

First, JST says the Court should allow Randy Griffin's opinion regarding his comparative analysis of JST, Bosch and Foxconn 3D models.  It says the Court excluded this opinion based on the mistaken understanding that a JST employee performed the comparison of 3D models.  JST says Bosch misleadingly claimed that "[t]he comparison was in fact created by Gwen Upson."

The Court agrees with JST and finds that it was misled by Bosch's statements.  As JST shows, Griffin made the comparison of the 3D models.  The Court GRANTS JST's motion on this issue and VACATES the portion of its June 15, 2021 order excluding Griffin's opinion that Bosch's 3D model

2

is a copy of JST's 3D model.  The Court allows Griffin's opinion on his comparison and analysis of the parties' 3D models.

JST's second argument is that "the Court should exclude Mr. Catignani's opinion that JST's tolerances are industry standard given that the Court found that Mr. Catignani 'lacks sufficient knowledge, skill, experience, training and education with the design [and] engineering…of a complex, multi-pin, hybrid, high-density electrical header connector at issue here.'"

JST fails to show that the Court's admission of Catignani's opinion that JST's tolerances are industry standard was a palpable defect.  The Court DENIES JST's motion with respect to its second argument.

As set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** JST's motion for reconsideration [ECF No. 566].

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  August 5, 2021

3