UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.S.T. CORPORATION,

    Plaintiff,

v.

ROBERT BOSCH LLC, et al.,

    Defendants.
_____/

Case No. 15-13842
Honorable Victoria A. Roberts

**ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL DAMAGES-RELATED DISCOVERY [ECF No. 569]; and (2) REQUIRING PLAINTIFF TO UPDATE ITS INITIAL DISCLOSURES**

Before the Court is Bosch's motion to compel damages-related discovery regarding JST's HIT connector.  [ECF No. 569].

Bosch says: "Though Rule 26 plainly requires 'a computation of each category of damages claimed,' Fed. R. Civ. P. 26(a)(1)(A)(iii), JST's Rule 26 disclosures and interrogatory responses are completely silent in that regard . . . and leave[] Bosch to guess how JST's damages will be calculated."  [ECF No. 573, PageID.40364].  Particularly, Bosch points out that "JST has not provided any specific basis or calculation for its reasonable royalty theory such that Bosch might begin to understand, let

alone rebut, the alleged damages. Instead, JST maintains that only its experts can calculate the relevant damages." [*Id.*].

Bosch says it is entitled to discovery regarding the HIT connector because it is a predecessor product of JST's HIT2 connector – which is the device at issue in this litigation – and because the HIT is within the scope of JST's asserted reasonable royalty damages claim.

The Court agrees that JST failed to comply with its Rule 26(a) duties.

Among other things, Rule 26(a) requires a party to provide "a computation of each category of damages claimed" and "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents."); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *4 (E.D.N.C. May 7, 2012) ("Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii) obligation.").

In its initial disclosures, JST says it cannot compute its damages at this time because documents necessary to make such calculations are, at least in part, in the custody of Bosch or third parties, and because its damages will be calculated by a financial/accounting expert(s). This fails to comply with Rule 26(a).

While JST's "*precise* method of calculation need not be [preliminarily] disclosed to the extent the method is properly the subject of expert testimony," JST "'is not excused from making its disclosures because it has not fully investigated the case,'" and "[f]uture expert analysis does not relieve [JST] of its obligation to provide information reasonably available to it as to gross revenues, expenses and any other component of its lost profits computation." *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569-70 (C.D. Cal. 2009) (quoting Fed. R. Civ. P. 26(a)(1)(E)). JST had a duty to "make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E); *see also City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (initial damages disclosure "is merely a preliminary assessment and is subject to revision").

JST **must** update its initial disclosures and discovery responses to comply with the above requirements by **December 21, 2021**. JST must

provide a computation of each category of damages claimed, for each claim alleged; provide a more specific explanation of how it will calculate its damages; and produce all documents/other evidentiary material on which each computation is based.

Although it may not be able to give a precise computation of damages, JST must provide estimated calculations for each of its theories of damages and each of its claims to the best of its ability. *Frontline Med.*, 263 F.R.D. at 569; *Silicon Knights*, 2012 WL 1596722, at *4 ("[A] Rule 26(a)(1)(A)(iii) disclosure must include 'more than a lump sum statement of the damages allegedly sustained,' . . . [as] the rule 'contemplates some analysis,' including an analysis of the damages sought as to each claim." (quoting *Tutor-Saliba*, 218 F.R.D. at 221-22)). JST also must identify the time period for which it claims damages. *Frontline Med.*, 263 F.R.D. at 569.

Finally, as discovery proceeds, JST must supplement and/or correct its disclosures and discovery responses to reflect information obtained through discovery. *See* Fed. R. Civ. P. 26(e).

If JST fails to comply with its duties under Rule 26(a) or (e), it will not be "allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this

4

sanction, the court . . . : (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.*

The Court **DENIES** Bosch's motion to compel [ECF No. 569] **WITHOUT PREJDUICE**.

Bosch's request for an order compelling JST to produce discovery regarding the HIT connector is premature.

The deadline for JST to serve its opening damages expert report(s) is January 31, 2022, and the deadline for completing expert depositions is April 15, 2022. If the discovery it now seeks is relevant to JST's damages claims and JST has not produced it, Bosch may request it from JST before conducting expert depositions and/or get it when it conducts expert depositions. If Bosch believes this discovery is relevant and JST still refuses to produce it after serving its damages expert report(s), Bosch may re-file this motion.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 19, 2021

5